IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PPM TECHNOLOGIES, LLC, an Oregon
limited liability company,

No. 3:14-cv-1801-HZ

       Plaintiff,

OPINION & ORDER

   v.

CONTECH ENGINEERING PTY LTD;
POPINA (VIC) PTY LTD aka POPINA
FOODS,

       Defendants.

Darian A. Stanford
Slinde Nelson Stanford
111 SW Fifth Ave., Ste. 1940
Portland, OR 97204

Susan S. Ford
Sussman Shank, LLP
1000 SW Broadway, Ste. 1400
Portland, OR 97205

     Attorneys for Plaintiff

OPINION & ORDER - 1

Andrea M. Barton
Joshua M. Sasaki
Miller Nash Graham & Dunn LLP
111 SW Fifth Ave., Ste. 3400
Portland, OR 97204

Paul Conable
Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Ave., Ste. 1600
Portland, OR 97204

Attorneys for Defendant Popina Foods

HERNÁNDEZ, District Judge:

Defendant Popina Foods is an Australian company that contracted with another Australian company, Defendant Contech Engineering, for an in-line blending system Popina could use to improve its process for manufacturing muesli. Contech then contracted with Plaintiff PPM Technologies, an Oregon-based company, to manufacture many of the primary components of the in-line blending system. After the system was installed at its facility in Australia, Popina quickly became unsatisfied with its performance. Contech and PPM both tried and failed several times to address the problems, and the system now sits idle on Popina's premises in Australia. The parties are now embroiled in a dispute spanning the Pacific Ocean over who should bear the responsibility for the system's failure. PPM filed suit in this Court seeking damages from Contech for breach of contract and from Popina for unjust enrichment. Popina now moves to dismiss the claims against it for lack of personal jurisdiction. Because PPM has failed to show that Popina is subject to this Court's general or specific jurisdiction, Popina's motion is granted.

//

//

OPINION & ORDER - 2

BACKGROUND

Popina is an Australian manufacturer of muesli-based cereal and snack bars. Wright Declaration ("Decl."), ECF No. 22, ¶ 2. Popina is registered in the State of Victoria in Australia, and claims a principal place of business in Dandenong South, a suburb of Melbourne also located in the state of Victoria. Wright Decl. ¶ 2. Popina's facilities have always been located in Australia, and its directors and officers reside in Victoria. Wright Decl. ¶¶ 2–3. Popina's customers include supermarkets in Australia and New Zealand, "Australian brand owners of muesli products," and "export customers in Singapore, China, Japan, the Middle East, and the United Kingdom." Wright Decl. ¶ 4. According to Popina's General Manager, the company does not export any products to the United States, it does not have any U.S. customers, and it has never had an office or place of business here. Wright Decl. ¶ 5. Popina has never been licensed to do business in Oregon, paid taxes in Oregon, held a property interest in Oregon, or had a registered agent in Oregon. Wright Decl. ¶ 5.

Near the end of 2012, Popina began exploring a change in its production process from a "batch" blend to an "in-line" blend where ingredients could be added separately but blended continuously immediately prior to packing. Flipcic Decl., ECF No. 21, ¶ 3. At the time, Popina was already negotiating with another Australian company, co-defendant Contech Engineering, for other automated manufacturing equipment, and Contech represented to Popina that it could provide the in-line blending system Popina desired. Filipcic Decl. ¶ 4.

Enter plaintiff PPM Technologies, an Oregon based company that engineers and manufactures food processing equipment. Plaintiff's Response to Motion to Dismiss ("Pl. Resp.") at 1. Earlier in 2012, Contech and PPM entered into an "Agent Agreement" whereby Contech would assist PPM in selling its products in Australia and New Zealand. Pl. Resp. at 2;

Doern Decl. Exhibit ("Ex.") 1, ECF No. 25-1. Contech sought a quote from and subsequently signed a contract with PPM to "manufacture an in-line blending system for Contech . . . which PPM understood Contech intended to provide to its customer, Popina." Complaint ¶ 11. There was never a contract between Popina and PPM, as PPM explains: "PPM entered into a contract with Contech for the [in-line blending system], and Contech entered into a different contract with Popina for the [in-line blending system]." Pl. Resp. at 2; Complaint ¶ 10 ("PPM was not a party to the Contech/Popina Contract."). Popina asserts that Contech "independently sought to involve [PPM] in the manufacturing process of the [in-line blending system]." Def. Mot. at 4.

Representatives from PPM and Contech visited Popina's facility in Australia in February of 2013. Popina expressed concerns about the ability of the PPM/Contech system to handle "sticky fruits" that were part of some of Popina's products, but PPM and Contech assured Popina that the proposed system could perform as requested. Def. Mot. at 5; Filipcic Decl. ¶ 6.

Shortly after the site visit, Contech submitted to Popina a "Final Proposal" which detailed the in-line blending system and set out the terms of the agreement between them. Popina and Contech agreed that their contract "shall be deemed a contract made under, governed by and construed in accordance with the law of the State of Victoria Australia, and the Buyer hereby[] agrees to the jurisdiction of the courts of that State." Filipcic Decl. Ex. A at 17, ¶ 6. The Final Proposal also describes the specific components of the in-line blending system, and contains numerous references to those parts that PPM would provide. See, e.g., Filipcic Decl. Ex. A at 6. Popina placed an order with Contech for the $1,350,000 in-line blending system with an estimated ship date in late May of 2013. Filipcic Decl. ¶ 10.

About a week before the system was scheduled to ship, Tom Filipcic, a process engineer for Popina, visited PPM's site in Oregon. Filipcic Decl. ¶ 11. A Contech representative was also

scheduled to make the trip, but had to back out at the last minute, and Contech instructed PPM to deal directly with Mr. Filipcic during the visit. Filipcic Decl. ¶ 12.

      After the visit, Popina and PPM communicated directly about the shipping method, the estimated date of arrival, and the delay in the system's arrival in Australia. Filipcic Decl. ¶ 12. PPM shipped the system directly to Popina because it was too large to assemble at Contech and then then transport, and Popina and Contech agreed that the system would be assembled and tested at Popina's premises. Filipcic Decl. ¶ 13.

      The system arrived in Australia in July of 2013, and by August, there were significant problems with the system's ability to handle dried fruits. Filipcic Decl. ¶ 14. PPM sent a technician to Popina's facility in September of 2013, but his attempts to rectify the system's problems were unsuccessful. Filipcic Decl. ¶ 14. In October of 2013, Popina again contacted PPM to address the "complete failure of the [s]ystem to work as promised[.]" Filipcic Decl. ¶ 15. PPM and Contech tried numerous fixes but could not get the system to work properly. Filipcic Decl. ¶ 16–17. At one point, PPM recommended that Popina "clean the surface every twenty . . . minutes to avoid build up," but Popina rejected such a suggestion as "simply not practical" because the "[s]ystem was supposed to be automated" and "Popina would not have purchased the [s]ystem if it had known it would need to clean it every twenty minutes so it may work effectively." Filipcic Decl. ¶ 16. As of June 15, 2015, the system "does not work as required or at all" and "sits idle at Popina's premises" in Australia. Filipcic Decl. ¶ 18.

      The contract between PPM and Contech required Contech to pay PPM in installments; PPM filed the present suit in November of 2014 after Contech failed to make the final installment payment of approximately $109,000 to PPM. Complaint at 15–19. In the same suit, PPM brought an unjust enrichment claim against Popina, alleging that "Popina has accepted and

retained the PPM System, but has failed and refused to pay Contech" the remaining balance.

Complaint ¶ 21. "To avoid unjust enrichment of Popina at PPM's expense," PPM requests that

Popina be required to pay it the remaining balance. Complaint ¶¶ 22. Popina has moved to

dismiss the unjust enrichment claim against it for lack of personal jurisdiction.

STANDARDS

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss on the

grounds that the court lacks personal jurisdiction. The plaintiff has the burden of making a prima

facie showing of personal jurisdiction. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir.

2008). Uncontroverted allegations in the plaintiff's complaint are taken as true, and any factual

conflicts are resolved in the plaintiff's favor. Id.

Personal jurisdiction over an out-of-state defendant involves two questions: whether

jurisdiction exists under the forum state's long-arm statute, and if so, whether asserting personal

jurisdiction is consistent with the limitations of the Due Process Clause of the federal

Constitution. Witt Co. v. RISO, Inc., 948 F. Supp. 2d 1227, 1248 (D. Or. 2013) (citing Pebble

Beach Co v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006)). These inquiries essentially merge

because Oregon's long-arm statute extends jurisdiction to the outer limits of due process. ORCP

4(L); Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir.

2003) (when state long-arm statute reaches as far as the Due Process Clause, the court need only

analyze whether the exercise of jurisdiction complies with due process); Millennium Enters., Inc.

v. Millennium Music, LP, 33 F. Supp. 2d 907, 909 (D. Or. 1999) (because Oregon's catch-all

jurisdictional rule confers personal jurisdiction coextensive with due process, the analysis

collapses into a single question and the court proceeds under federal due process standards).

The Due Process Clause "protects an individual's liberty interest in not being subject to

the binding judgments of a forum with which he has established no meaningful contacts, ties, or

relations." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471–72 (1985) (internal quotation marks and citation omitted). To satisfy this due process protection, the plaintiff must show that the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.' " Boschetto, 539 F.3d at 1015–16 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two forms of personal jurisdiction: general jurisdiction and specific jurisdiction. Id. at 1016. A court has general jurisdiction over a nonresident defendant only when that defendant's contacts with the forum are so "continuous and systematic" that they create an "approximate presence" in the forum state. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000); see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984). A court has specific jurisdiction where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King, 471 U.S. at 472 (internal quotation marks and citations omitted). Thus, in "contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011) (internal quotation marks and citation omitted).

DISCUSSION

**1.  General Jurisdiction**

First, Popina argues that the Court lacks general jurisdiction over it because "PPM does not and cannot allege any facts that establish any substantial, systematic or continuous contact between Popina and Oregon such that Popina can be deemed to be 'present' in [Oregon] for all purposes or that would support the exercise of general jurisdiction over Popina." Defendant's Motion to Dismiss ("Def. Mot.") at 11.

The "paradigm bases" for exercising general jurisdiction over a corporation are its place of incorporation and principal place of business. Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014) (citation omitted). Outside of those locations, a corporation is subject to general jurisdiction only in those places where its "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." Id. at 761 (quoting Goodyear, 131 S. Ct. at 2851. This exacting standard is necessary because general jurisdiction allows a "defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).

The Court does not have general jurisdiction over Popina. Popina is incorporated under Australian law and has its principal place of business in Dandenong South, Victoria, Australia. Complaint ¶¶ 2,7; Wright Decl. ¶ 2. Popina does not have an office in the United States, or any agents or customers in this country. Wright Decl. ¶¶ 4–5. PPM has failed to carry its substantial burden to show Popina maintains a business presence so systematic and continuous that it could be considered "at home" in Oregon. Goodyear, 131 S. Ct. at 2852 (finding no general jurisdiction over foreign corporations, even though a small percentage of the defendants' goods were present in the forum, because they were not registered to do business there and did not have any offices, employees, or bank accounts in the forum); CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1074 (9th Cir. 2011) ("CollegeSource has not satisfied the "exacting" standard necessary to establish general jurisdiction. AcademyOne has no offices or staff in California; is not registered to do business in the state; has no registered agent for service of process; and pays no state taxes.").

PPM states that it "knows little about Popina's Oregon contacts or presence, other than the fact that Popina has twice done business with PPM, an Oregon company," and therefore

"requests expedited and brief jurisdictional discovery on this topic." PPM's request for jurisdictional discovery is denied. There is nothing in the complaint or the declarations which suggest to the Court that PPM could discover something about Popina's contacts with Oregon that would make Popina "essentially at home" here. Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014) cert. denied, 135 S. Ct. 2310 (2015).

### 2.    Specific Jurisdiction

Popina also asserts that the Court lacks specific jurisdiction over it because "Popina has not purposefully availed itself of the privilege of conducting activities in Oregon." Def. Mot. at 12. Essentially, Popina argues that it contracted with Contech, another Australian company, and that Contech independently sought to involve PPM in the manufacture of the in-line blending system. Def. Mot. at 13. Thus, any contact Popina had with Oregon as a result of Contech's activity is not sufficient to establish specific personal jurisdiction over Popina in this forum.

A district court can exercise specific personal jurisdiction over a defendant subject to a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting Schwarzenegger, 374 F.3d at 802). The plaintiff bears the burden on the first two parts of the test. Id. (citation omitted). If the plaintiff succeeds, "the burden shifts to the defendant to set forth a compelling case that the

exercise of jurisdiction would not be reasonable." Id. at 1211–12 (quoting CollegeSource, 653 F.3d at 1076). For claims sounding primarily in contract, the Ninth Circuit applies the "purposeful availment" analysis and asks whether a defendant has "purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at 1212 (quoting Schwarzenegger, 374 F.3d at 802) (alterations omitted).

PPM offers three separate, but equally unavailing, reasons for finding this Court has specific personal jurisdiction over Popina. First, PPM admits that "there is no contract directly between PPM and Popina," but argues that, based on numerous references to PPM in the contract between Popina and Contech, Popina "knew . . . that PPM would be intimately involved" in the manufacture of the in-line blending system." Plaintiff's Response ("Pl. Resp.") at 2, 7. But that does not show that Popina made any contact with the forum at all—mere knowledge that parts of the in-line system were to be manufactured in Oregon does not create a substantial connection sufficient to establish specific jurisdiction. Walden v. Fiore, 134 S. Ct. 1115, 1119 (2014) (rejecting theory of personal jurisdiction based on defendant's knowledge of plaintiff's strong connection to the forum). Moreover, it was Contech, not Popina, that sought to involve PPM in the manufacture of the in-line system, and it has long been the case that the "unilateral activity of another party or third person" is not a basis for finding the defendant "purposefully availed" itself of the privilege of conducting activities in the forum state. Doe v. Unocal Corp., 248 F.3d 915, 924 (9th Cir. 2001) (quoting Burger King, 471 U.S. at 475).

Second, PPM points out that Popina employee Mr. Filipcic visited Oregon "for multiple days." Pl. Resp. at 7–8. "While 'physical entry into the State is certainly a relevant contact,' a defendant's transitory presence will support jurisdiction only if it was meaningful enough to

'create a substantial connection with the forum State.' " <u>Picot</u>, 780 F.3d at 1213 (quoting

<u>Walden</u>, 134 S. Ct. at 1122) (internal quotation marks and alterations omitted). Mr. Filipcic's

single visit of approximately three days near the end of the manufacturing process is hardly

sufficient to show that Popina made a "substantial connection" with Oregon that would support

finding specific personal jurisdiction here. <u>See id.</u> (rejecting as a basis for specific jurisdiction

two trips of approximately two weeks each to the forum state because they were too "random,

fortuitous, or attenuated" to show a substantial connection).

Third, PPM argues that it and Popina "directly worked together" on a previous project

and on the in-line blending system, and these "prior negotiations and contemplated future

consequences are factors that influence purposeful availment." Pl. Resp. at 8. But those facts

only show Popina's contacts with PPM, not with the forum state. "Due process requires that a

defendant be haled into court in a forum State based on his own affiliation with the State, not

based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other

persons affiliated with the State." <u>Walden</u>, 134 S. Ct. at 1123 (quoting <u>Burger King</u>, 471 U.S. at

475). Moreover, the evidence in the record shows that the prior project was a "distribution

system for Popina through Contech" which was "installed in Australia by PPM[.]" Doern Decl. ¶

3. Again, Contech's unilateral interactions with PPM or contacts with Oregon are irrelevant to

the analysis of whether this Court has specific personal jurisdiction over Popina.

Therefore, PPM has failed to carry its burden to establish Popina "purposefully availed"

itself of the privilege of conducting activities in the forum state. Given the clear outcome on the

first prong of the specific jurisdiction analysis, the Court does not reach the second or third parts

of the test.

//

//

OPINION & ORDER - 11

ORDER

For the reasons stated, Defendant Popina's motion to dismiss for lack of personal

jurisdiction [20] is granted.

Dated this _____14_____ day of _____September_____, 2015.

MARCO A. HERNÁNDEZ
United States District Judge

OPINION & ORDER - 12